## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 11-0776** (Webster County 10-F-44)

**Donald R. Short Jr.,**
**Defendant Below, Petitioner**

**FILED**

April 16, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Donald Short Jr., by counsel Kevin Duffy, appeals the April 6, 2011 order of the Circuit Court of Webster County sentencing him to a term of incarceration of one to five years for unlawful wounding. The State of West Virginia, by counsel Laura Young, has filed its response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2010, a Webster County Grand Jury indicted petitioner on one count of malicious assault. Following a two-day jury trial, petitioner was convicted of the lesser included offense of unlawful wounding. On April 6, 2011, following post-trial motions, petitioner was sentenced to a term of incarceration of one to five years for unlawful wounding. On appeal petitioner argues that the circuit court erred in denying his motion to strike a potential juror because the juror owned the local newspaper and a reporter from his newspaper was covering the trial, creating an indicia of actual prejudice. The State argues the juror never expressed any bias, was a legally qualified juror, and therefore not subject for a motion to be removed for cause.

As to petitioner's first assignment of error this Court has stated that

"[t]he relevant test for determining whether a juror is biased is whether the juror had such a fixed opinion that he or she could not judge impartially the guilt of the defendant. Even though a juror swears that he or she could set aside any opinion he or she might hold and decide the case on the evidence, a juror's protestation of impartiality should not be credited if the other facts in the record indicate to the contrary." Syllabus point 4, *State v. Miller*, 197 W.Va. 588, 476 S.E.2d 535 (1996).

Syl. Pt. 3, *State v. Hughes*, 225 W.Va. 218, 691 S.E.2d 813 (2010). The Court finds petitioner's

1

argument to be without merit. Our review of the appendix record does not support the argument that this prospective juror had such a fixed opinion that he was automatically precluded from serving on the jury, and we find no other facts in the record to indicate the contrary. Based upon our consideration of the parties' briefs and our review of the appendix record, we find that petitioner's right to an unbiased panel of jurors was not violated.

Petitioner also argues that the circuit court erred in denying his objection to the following statement made by the prosecutor during re-cross examination: "Deputy Bender tells me he was there at least twice since that time trying to find you." Petitioner argues it is improper on cross-examination to direct a witness to specific previous testimony of another witness and ask the witness whether he agrees or disagrees with such testimony. The State argues the statement was not improper and any harm was negated by the unequivocal response from the witness that he was not avoiding service, but simply was not home when the deputy happened to be there.

This Court has stated that

"[s]everal basic rules exist as to cross-examination of a witness. The first is that the scope of cross-examination is coextensive with, and limited by, the material evidence given on direct examination. The second is that a witness may also be cross-examined about matters affecting his credibility. The term "credibility" includes the interest and bias of the witness, inconsistent statements made by the witness and to a certain extent the witness' character. The third rule is that the trial judge has discretion as to the extent of cross-examination." Syllabus Point 4, *State v. Richey,* 171 W.Va. 342, 298 S.E.2d 879 (1982).

Syl. Pt. 1, *State v. Barnett*, 226 W.Va. 422, 701 S.E.2d 460 (2010). Petitioner's second assignment of error is also without merit. Petitioner failed to argue how he was prejudiced by this single question and failed to further substantiate this assignment of error. Having reviewed the record and the parties' arguments on appeal under the pertinent standard of review, this Court finds no abuse of discretion by the trial court.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 16, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II